UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MICHAEL WEISS,<br><br>    Plaintiff,<br><br>  v.<br><br>AMERICAN EXPRESS NATIONAL BANK,<br><br>    Defendant. | Civil Case No.: 1:23-CV-3916 |

## DEFENDANT AMERICAN EXPRESS NATIONAL BANK'S ANSWER TO THE COMPLAINT

American Express National Bank ("American Express") hereby answers the Complaint filed by Michael Weiss ("Plaintiff") as follows. For the Court's convenience, Plaintiff's allegations are set forth verbatim with American Express' responses immediately following:

## PRELIMINARY STATEMENT

1. Michael Weiss ("Plaintiff" or "Mr. Weiss") is a victim of identity theft.

   **ANSWER:** **American Express states that there are no allegations in this Paragraph directed at American Express and therefore no response is required. To the extent a response is required, American Express lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations in this Paragraph and, on that basis, denies the allegations contained in Paragraph 1.**

2. The identity theft perpetrator wreaked havoc on Plaintiff's finances by racking up thousands of dollars in unauthorized charges.

   **ANSWER:** **American Express states that there are no allegations in this Paragraph directed at American Express and therefore no response is required. To the extent a response is required, American Express lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations in this Paragraph and, on that basis, denies the allegations contained in Paragraph 2.**

3. Without a legitimate basis, Defendant American Express National Bank ("Defendant"

or "Amex") refused to credit Plaintiff's accounts for the stolen funds and unauthorized credit card charges.

   **ANSWER:**  **American Express denies the allegations contained in Paragraph 3.**

  4. Plaintiff brings claims against American Express National Bank for violations of the Fair Credit Billing Act ("FCBA"), 15 U.S.C. § 1666 *et seq.*, Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, *et seq.*, New York General Business Practice § 349 ("NYGBL § 349"), and at common law.

   **ANSWER:**  **American Express admits that Plaintiff brings this action for violations of the Fair Credit Billing Act ("FCBA"), 15 U.S.C. § 1666 *et seq.*, Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, *et seq.*, New York General Business Practice § 349 ("NYGBL § 349"), and at common law, but denies that it violated the FCBA, TILA, NYGBL, or any other allegation or cause of action alleged in the Complaint, denies any liability to Plaintiff and denies that Plaintiff is entitled to any relief whatsoever.**

## JURISDICTION AND VENUE

  5. The Court has jurisdiction pursuant to 15 U.S.C. §§ 1640(e), 1681p, and 28 U.S.C. §1331. Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

   **ANSWER:**  **Reserving its right to compel arbitration of Plaintiff's claims against it, American Express states that, for purposes of this action only, it does not challenge jurisdiction, but denies that it violated the FCBA, TILA, NYGBPL or any law and denies that Plaintiff is entitled to any relief whatsoever from American Express.**

  6. Jurisdiction over Plaintiff's claims for declaratory relief is conferred by 28 U.S.C. § 2201.

   **ANSWER:**  **Reserving its right to compel arbitration of Plaintiff's claims against it, American Express states that, for purposes of this action only, it does not challenge jurisdiction, but denies that it violated any law and denies that Plaintiff is entitled to any relief whatsoever from American Express.**

  7. Venue is proper in this District because a substantial part of the events and

occurrences underlying this litigation occurred within this District, and Defendants regularly conduct business here.

    **ANSWER:** **Reserving its right to compel arbitration of Plaintiff's claims against it, American Express states that, for purposes of this action only, it does not challenge venue, but denies that Plaintiff is entitled to any relief whatsoever from American Express.**

## PARTIES

8. Plaintiff is a natural person and citizen of Florida residing in Miami, Florida.

    **ANSWER:** **American Express states that there are no allegations in this Paragraph directed at American Express and therefore no response is required.**

9. Plaintiff is also a "consumer" as described in 15 U.S.C. § 1602(h) vis-à-vis his credit card account with Defendant, and his credit card account (Account ending in: x16003) with Defendant American Express National Bank was used for personal, family, or household purposes.

    **ANSWER:** **American Express states the allegations in this Paragraph contain legal conclusions to which no response is required. To the extent that a response is required, American Express lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 and, on that basis, denies the allegations contained therein.**

10. Defendant American Express National Bank is a national banking association formed under the laws of the United States and was, at all times relevant to this Complaint, a "creditor" as defined by 15 U.S.C. § 1602(f).

    **ANSWER:** **American Express states the allegations in this Paragraph contain legal conclusions to which no response is required. To the extent that a response is required, American Express admits, for the purposes of this action only, that it is a national banking association formed under the laws of the United States.**

## FACTS

11. Sometime around 2021, Plaintiff unknowingly met a con artist ("the Fraudster") in Manhattan, New York.

**ANSWER:**   **American Express states that there are no allegations in this Paragraph directed at American Express and therefore no response is required. To the extent a response is required, American Express lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations in this Paragraph and, on that basis, denies the allegations contained in Paragraph 11.**

12. Plaintiff and the Fraudster shared an interest in luxury watches, and became friendly as a result.

**ANSWER:**   **American Express states that there are no allegations in this Paragraph directed at American Express and therefore no response is required. To the extent a response is required, American Express lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations in this Paragraph and, on that basis, denies the allegations contained in Paragraph 12.**

13. During the course of their friendship, Plaintiff mentioned to the Fraudster that he dreamed of owning two specific watches, the Patek Phillipe 5990 and Patek Phillipe 5980.

**ANSWER:**   **American Express states that there are no allegations in this Paragraph directed at American Express and therefore no response is required. To the extent a response is required, American Express lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations in this Paragraph and, on that basis, denies the allegations contained in Paragraph 13.**

14. In or around December of 2021, the Fraudster told Plaintiff that he could help him purchase the watches by introducing Plaintiff to a watch dealer from Wempe Jewelers, a luxury jewelry retailer in New York, NY. The Fraudster claimed to have an entrenched relationship in this dealership as a high-spending customer.

**ANSWER:**   **American Express states that there are no allegations in this Paragraph directed at American Express and therefore no response is required. To the extent a response is required, American Express lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations in this Paragraph and, on that basis, denies the allegations contained in Paragraph 14.**

15. After a few days, while Plaintiff was out of town, he decided to purchase the watches. Plaintiff joined a call with the Fraudster who connected him with a purported representative of Wempe Jewelers.

**ANSWER:** **American Express states that there are no allegations in this Paragraph directed at American Express and therefore no response is required. To the extent a response is required, American Express lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations in this Paragraph and, on that basis, denies the allegations contained in Paragraph 15.**

16. While on the phone with the purported Wempe Jewelers representative, Plaintiff proceeded with the purchases using his Amex card. There were three transactions in total: (1) a purchase made on December 24, 2021 for $104,030.06; (2) a purchase on December 28, 2021 for $96,869.98; and (3) a purchase made on December 29, 2021 for $36,813.29. In total, the Plaintiff paid $237,713.33 (the "Stolen Funds") for the watches.

**ANSWER:** **American Express states that there are no allegations in this Paragraph directed at American Express and therefore no response is required. To the extent a response is required, American Express lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations in this Paragraph and, on that basis, denies the allegations contained in Paragraph 16.**

17. Plaintiff was told to expect a delivery date in the early summer of 2022, and, given supply chain issues and the rarity of the watches, that was a timeframe that Plaintiff considered consistent with what he witnessed in most luxury goods markets at the time.

**ANSWER:** **American Express states that there are no allegations in this Paragraph directed at American Express and therefore no response is required. To the extent a response is required, American Express lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations in this Paragraph and, on that basis, denies the allegations contained in Paragraph 17.**

18. Plaintiff was not concerned about the purchases at first since he received seemingly

valid receipts for each, and the representative and the Fraudster were very responsive every time he asked for an update on the watches.

> **ANSWER:** **American Express states that there are no allegations in this Paragraph directed at American Express and therefore no response is required. To the extent a response is required, American Express lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations in this Paragraph and, on that basis, denies the allegations contained in Paragraph 18.**

19. In June of 2022, Plaintiff still had not received the watches, and started to be concerned, as the purported Wempe representative and the Fraudster stopped responding to his requests for updates.

> **ANSWER:** **American Express states that there are no allegations in this Paragraph directed at American Express and therefore no response is required. To the extent a response is required, American Express lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations in this Paragraph and, on that basis, denies the allegations contained in Paragraph 19.**

20. Plaintiff conducted a background check on the Fraudster and learned information that concerned him further about the purchase.

> **ANSWER:** **American Express states that there are no allegations in this Paragraph directed at American Express and therefore no response is required. To the extent a response is required, American Express lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations in this Paragraph and, on that basis, denies the allegations contained in Paragraph 20.**

21. Plaintiff immediately contacted the FBI, though he was still in disbelief and held out hope of receiving the watches.

> **ANSWER:** **American Express states that there are no allegations in this Paragraph directed at American Express and therefore no response is required. To the extent a response is required, American Express lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations in this Paragraph and, on that basis, denies the allegations**

contained in Paragraph 21.

22. In early July of 2022, Plaintiff also discovered multiple unauthorized transactions on his Amex card totaling over $90,000.00.

**ANSWER:** **American Express states that there are no allegations in this Paragraph directed at American Express and therefore no response is required. To the extent a response is required, American Express lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations in this Paragraph and, on that basis, denies the allegations contained in Paragraph 22.**

23. Plaintiff immediately notified the FBI and reported the transactions as fraud to Amex.

**ANSWER:** **American Express states that there are no allegations in this Paragraph directed at American Express and therefore no response is required. To the extent a response is required, American Express lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations in this Paragraph and, on that basis, denies the allegations contained in Paragraph 23.**

24. Plaintiff contemporaneously realized that he was defrauded by the Fraudster, who executed a con to gain his trust and steal his identity, and that the watch purchases were not legitimate.

**ANSWER:** **American Express states that there are no allegations in this Paragraph directed at American Express and therefore no response is required. To the extent a response is required, American Express lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations in this Paragraph and, on that basis, denies the allegations contained in Paragraph 24.**

25. On December 8, 2022, Plaintiff sent an email to Amex's Chief Executive Officer, Stephen Squeri and to Rajat Jain, Head of Fraud Risk Management for Amex, to dispute both the December 2021 unauthorized charges worth $237,713.33 and the July 2022 unauthorized charges

of approximately $90,000.00.

> **ANSWER:** **American Express states that there are no allegations in this Paragraph directed at American Express and therefore no response is required. To the extent a response is required, American Express admits that Plaintiff sent an email to the Chairman's Office and Rajat Jain on December 8, 2022 to dispute both the December 2021 and July 2022 allegedly unauthorized charges.**

26. After exchanging communications with the Defendant's representative, Defendant refunded the July 2022 unauthorized charges of approximately $90,000.00 from Plaintiff's account.

> **ANSWER:** **American Express denies the allegations of this Paragraph.**

27. On September 6, 2022, Plaintiff received correspondence from American Express stating that it was investigating his fraud claim.

> **ANSWER:** **American Express states that there are no allegations in this Paragraph directed at American Express and therefore no response is required. To the extent a response is required, American Express admits that it sent Plaintiff correspondence on multiple occasions regarding its investigation of Plaintiff's fraud claim.**

28. Defendant, however, denied Plaintiff's dispute for the December 2021 unauthorized charges of $237,713.33, stating that the claim was filed beyond the allowable period to file claims of fraud and unauthorized charges.

> **ANSWER:** **American Express admits that it denied the dispute for Plaintiff's December 2021 charges. The correspondence to Plaintiff denying his claim speaks for itself, and American Express denies any allegations in this Paragraph that are inconsistent therewith.**

29. To date, Defendant has failed to return or reimburse $237,713.33 of the funds stolen from Plaintiff.

> **ANSWER:** **American Express admits that it has not credited Plaintiff for alleged fraudulent charges totaling $237,713.33. Except as expressly admitted, American Express denies the allegations in this Paragraph.**

## FIRST CLAIM FOR RELIEF

## Fair Credit Billing Act, 15 USC 1666, et seq.

30. Plaintiff repeats and re-alleges and incorporates by reference each of the foregoing paragraphs.

**ANSWER:** **American Express incorporates by reference its answers to Paragraphs 1-29, above, as though fully stated herein.**

31. Defendant did not conduct a reasonable investigation of the unauthorized charges on Plaintiff's credit card account.

**ANSWER:** **American Express denies the allegations of this Paragraph.**

32. Plaintiff is the victim of fraud and was conned into the fraudulent transactions.

**ANSWER:** **American Express states that there are no allegations in this Paragraph directed at American Express and therefore no response is required. To the extent a response is required, American Express lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations in this Paragraph and, on that basis, denies the allegations contained in Paragraph 32.**

33. Plaintiff never gave authorization or permission to any other individual(s) to conduct transactions other than the fraudulent watch transactions that Plaintiff was duped into making.

**ANSWER:** **American Express states that there are no allegations in this Paragraph directed at American Express and therefore no response is required. To the extent a response is required, American Express lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations in this Paragraph and, on that basis, denies the allegations contained in Paragraph 33.**

34. Defendant never requested information regarding Plaintiff's knowledge of who used the card.

**ANSWER:** **American Express denies the allegations of this Paragraph.**

35. Plaintiff does not know who used his card to complete the fraudulent transactions, only that it was an unknown perpetrator pretending to be a representative of Wempe Jewelry.

**ANSWER:** **American Express states that there are no allegations in this Paragraph directed at American Express and therefore no response is required. To**

the extent a response is required, American Express lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations in this Paragraph and, on that basis, denies the allegations contained in Paragraph 35.

36. Plaintiff certainly did not authorize or give consent to be defrauded of the funds related to the watch transactions.

**ANSWER:** **American Express states that there are no allegations in this Paragraph directed at American Express and therefore no response is required. To the extent a response is required, American Express lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations in this Paragraph and, on that basis, denies the allegations contained in Paragraph 36.**

37. In short, any reasonable investigation of these charges would have resulted in their permanent removal from Plaintiff's account.

**ANSWER:** **American Express states that there are no allegations in this Paragraph directed at American Express and therefore no response is required. To the extent a response is required, American Express denies the allegations contained in Paragraph 37.**

38. Defendant's actions and omissions as set forth above constitute violations of the FCBA. These violations include, without limitation:

    a. Unlawfully charging Plaintiff for transactions he never authorized;

    b. Failing to adequately investigate the dispute and correct Plaintiff's bill by permanently reversing the charges related to the transactions.

    c. Failing to send to Plaintiff a written explanation or clarification, setting forth the valid reasons why Defendant believes Plaintiff is liable for the disputed charges.

    d. Failing to cease billing and collection activity upon notification by Plaintiff that the account was disputed.

**ANSWER:** **American Express denies the allegations of this Paragraph.**

39. As a result of Defendant's violations of the FCBA, Plaintiff is entitled to actual damages, statutory damages, a declaratory judgment that Defendant has violated the statute, costs, and reasonable attorneys' fees.

  **ANSWER:**  **American Express denies the allegations of this Paragraph.**

## SECOND CLAIM FOR RELIEF
### Truth in Lending Act, 15 U.S.C. § 1601, et seq.

40. Plaintiff repeats and re-alleges and incorporates by reference the foregoing paragraphs.

  **ANSWER:**  **American Express incorporates by reference its answers to Paragraphs 1-39, above, as though fully stated herein.**

41. Pursuant to 15 U.S.C. § 1643, a "cardholder" such as Mr. Weiss is liable for the unauthorized use of a credit card only if, among other things, the "liability is not in excess of $50." 15 U.S.C. § 1643(a)(1)(B).

  **ANSWER:**  **American Express states the allegations in this Paragraph contain legal conclusions to which no response is required.**

42. The unauthorized and fraudulent charges to the Plaintiff's American Express card, in the amount of $237,713.33, exceed $50.

  **ANSWER:**  **American Express states that there are no allegations in this Paragraph directed at American Express and therefore no response is required. To the extent a response is required, American Express admits that Plaintiff disputed charges in excess of $50.**

43. Even though Plaintiff is not liable for the unauthorized charges under 15 U.S.C. § 1643, Defendant has unlawfully attempted to hold Plaintiff responsible for the unauthorized charges in violation of TILA.

  **ANSWER:**  **American Express denies the allegations of this Paragraph.**

44. As a result of Defendant's violation of TILA, Plaintiff is entitled to declaratory judgment, actual damages, statutory damages, punitive damages, costs, and reasonable attorneys' fees.

  **ANSWER:**  **American Express denies the allegations of this Paragraph.**

## THIRD CLAIM FOR RELIEF
## NYGBL § 349 (Deceptive Acts and Practices Unlawful)

45. Plaintiff repeats and re-alleges and incorporates by reference the foregoing paragraphs.

**ANSWER:** **American Express incorporates by reference its answers to Paragraphs 1-44, above, as though fully stated herein.**

46. In the course of its dealings with Plaintiff, Defendant has engaged in deceptive practices in the conduct of business, trade, commerce or the furnishing of a service in this state, and which constituted a violation of §349, independent of whether Defendant's conduct violated any other law.

**ANSWER:** **American Express denies the allegations of this Paragraph.**

47. Specifically, but without limitation, Defendant's deceptive conduct included:

   a. Unlawfully charging Plaintiff for transactions he never authorized;

   b. Failing to adequately investigate the dispute and correct Plaintiff's accounts by permanently reversing the withdrawals and charges related to the transactions, while falsely claiming to have done an adequate investigation; and

   c. Attempting to bill and collect on sums not owed (and regarding which any reasonable investigation would have determined were not owed).

**ANSWER:** **American Express denies the allegations of this Paragraph.**

48. Defendant's conduct as alleged herein is "consumer oriented."

**ANSWER:** **American Express states the allegations in this Paragraph contain legal conclusions to which no response is required. To the extent that a response is required, American Express lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations contained in Paragraph 48 and, on that basis, denies the allegations contained therein.**

49. Indeed, far from a "one shot transaction," Defendant deals with a large volume of customers who dispute unauthorized charges.

**ANSWER:** **American Express denies the allegations of this Paragraph.**

50. Defendant's failure to conduct a true "reasonable investigation" leads to consumers being forced to pay for unauthorized charges and withdrawals or face the specter of litigation and/or ruined credit.

> **ANSWER:** **American Express denies the allegations of this Paragraph.**

51. Defendant's misconduct as set forth above is part of a recurring policy and practice and has the potential to be repeated with regard to a large number of consumers.

> **ANSWER:** **American Express denies the allegations of this Paragraph.**

52. Specifically, Defendant's denial regarding the unauthorized transactions credibly suggests that Defendant has a recurring policy and practice of refusing to honor its obligations under the FCBA and of summarily denying claims without adequate investigation.

> **ANSWER:** **American Express denies the allegations of this Paragraph.**

53. Each of these deceptive acts and practices is one that has a broad impact on consumers.

> **ANSWER:** **American Express denies the allegations of this Paragraph.**

54. As a result of these violations of NYGBL § 349, Plaintiff has suffered actual damages and is entitled to actual and/or statutory damages, punitive damages; declaratory judgment that Defendant has violated the statute, costs, and reasonable attorney's fees.

> **ANSWER:** **American Express denies the allegations of this Paragraph.**

## FOURTH CLAIM FOR RELIEF
### Declaratory Judgment

55. Plaintiff repeats and re-alleges and incorporates by reference the foregoing paragraphs.

> **ANSWER:** **American Express incorporates by reference its answers to Paragraphs 1-54, above, as though fully stated herein.**

56. Given Defendant's continued refusal to credit the Plaintiff back for the unauthorized

transactions, its continued demand that Plaintiff pay the unauthorized charges, Defendant's conduct has created a real and reasonable apprehension of liability on Plaintiff's part.

> **ANSWER:** **American Express lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations in this Paragraph and, on that basis, denies the allegations contained in Paragraph 56.**

57. Defendant's conduct constitutes a course of conduct that has brought Plaintiff into adversarial conflict with Defendant.

> **ANSWER:** **American Express admits that Plaintiff brings this action for violations of the FCBA, TILA, and the NYGBL. To the extent a further response is required, American Express denies the allegations of this Paragraph.**

58. Plaintiff did not authorize the fraudulent charges and therefore does not owe Defendant any money.

> **ANSWER:** **American Express states that there are no allegations in this Paragraph directed at American Express and therefore no response is required. To the extent a response is required, American Express lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations in this Paragraph and, on that basis, denies the allegations contained in Paragraph 58.**

59. Plaintiff is entitled to and hereby seeks a declaratory judgment that he is not liable for the charges in question.

> **ANSWER:** **American Express denies the allegations of this Paragraph.**

**WHEREFORE**, Plaintiff seeks judgment in his favor and damages against Defendants:

> A. awarding Plaintiff against Defendant actual damages, treble damages, statutory damages, punitive damages, costs, and reasonable attorneys' fees;
>
> B. entering a declaratory judgment that Plaintiff is not liable for the charges in question and that they are not properly reported on his credit reports;
>
> C. such other and further relief as may be necessary, just, and proper.

> **ANSWER:** **American Express states that there are no allegations in this Paragraph directed at American Express and therefore no response is required. To the extent a response is required, American Express denies that it violated**

> the FCBA, TILA, NYGBL, or any other allegation or cause of action alleged in the Complaint, denies any liability to Plaintiff and denies that Plaintiff is entitled to any relief whatsoever.

## AFFIRMATIVE DEFENSES

Without assuming the burden of proof where it otherwise lies with Plaintiff, American Express alleges the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE
### (Arbitration)

This Court lacks jurisdiction of Plaintiff's claims due to the presence of binding arbitration clauses contained in American Express's account agreements.

### SECOND AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

The Complaint fails to set forth facts sufficient to state a claim against American Express.

### THIRD AFFIRMATIVE DEFENSE
### (Ratification)

Plaintiff ratified the conduct alleged in the Complaint and therefore is barred from recovery against American Express.

### FOURTH AFFIRMATIVE DEFENSE
### (Waiver)

Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver.

### FIFTH AFFIRMATIVE DEFENSE
### (Estoppel)

Plaintiff's claims are barred, in whole or in part, by the doctrine of estoppel.

### SIXTH AFFIRMATIVE DEFENSE
### (Laches)

Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

**SEVENTH AFFIRMATIVE DEFENSE**
**(Apportionment)**

American Express is not legally responsible with respect to the damages that may be claimed by Plaintiff as a result of the matters alleged in the Complaint; however, if American Express is found to be legally responsible in any manner, then it alleges that its legal responsibilities are not the sole and proximate cause of the injuries and the damages awarded, if any, are to be apportioned in accordance with the fault and legal responsibility of all non-American Express parties, persons and entities, or the agents, servants and employees of such non-American Express parties, persons and entities, who contributed to and/or caused said damages, according to proof presented at the time of trial.

**EIGHTH AFFIRMATIVE DEFENSE**
**(Failure to Mitigate)**

Although American Express denies that Plaintiff suffered any damages, to the extent any damages have been suffered, Plaintiff failed to mitigate those damages.

**NINTH AFFIRMATIVE DEFENSE**
**(Unclean Hands)**

Plaintiff is precluded from any recovery from American Express, or any such recovery must be reduced, as a result of Plaintiff's failure to do equity in the matters alleged in the Complaint.

**TENTH AFFIRMATIVE DEFENSE**
**(Contributory Negligence)**

Plaintiff failed to exercise reasonable and ordinary care, caution or prudence in order to avoid incurring the alleged damages sought by the Complaint; thus, the damages, if any, sustained by Plaintiff, were proximately caused and contributed to by Plaintiff's own negligence.

**ELEVENTH AFFIRMATIVE DEFENSE**
**(Intervening Conduct)**

Plaintiff is barred from recovery in that any damage sustained by Plaintiff was the direct and proximate result of the independent, intervening, negligent and/or unlawful conduct of independent

third parties or their agents, such as collection agencies and/or consumer reporting agencies, and not any act or omission on the part of American Express.

### TWELFTH AFFIRMATIVE DEFENSE
(Offset / Setoff)

Plaintiff's claims are subject to setoff and/or recoupment by the amount owed by Plaintiff to American Express in connection with the remaining balance owed in connection with Plaintiff's American Express accounts.

### THIRTEENTH AFFIRMATIVE DEFENSE
(Reservation of Rights)

American Express expressly reserves the right to assert such other and further affirmative defenses as may be appropriate.

### PRAYER FOR RELIEF

**WHEREFORE**, American Express requests the following relief:

1. That the Complaint be dismissed with prejudice;

2. That Plaintiff take nothing by virtue of the Complaint;

3. That judgment be entered against Plaintiff and in favor of American Express;

4. That the Court award American Express its attorneys' fees, expenses and costs to the full extent permitted by law; and

5. For such other relief as the Court deems just and proper.

Dated: August 9, 2023

/s/ Nadia Zivkov
Nadia Zivkov
STEPTOE & JOHNSON LLC
2029 Century Park East, 18th Floor
Los Angeles, CA 90067
T: (213) 439-9477
E: nzivkov@Steptoe.com
Docketing@steptoe.com

*Counsel for Defendant*
*American Express National Bank*